SHELL OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

The RODMAN CORPORATION,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

Nos. 74–3304, 74–3330, 74–4032, 74–4034,
74–4036, 74–4038, 74–4040, 74–4042
and 74–4044.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1975.

Thomas G. Johnson, William G. Riddoch, William A. Wood, Jr., E. M. Sutter, Houston, Tex., for petitioners.

Leo E. Forquer, Gen. Counsel, F. P. C., George W. McHenry, Sol., Washington, D. C., for respondent.

Morton L. Simons, Washington, D. C., for Sen. Abourezk.

William B. Cassin, Phillip D. Endore, Houston, Tex., Knox Benis, W. DeVier Pierson, C. Richard Cornelius, Washington, D. C., for United Gas Pipe Line Co.

Jeron Stevens, Houston, Tex., R. Gordon Gooch, Bruce F. Kiely, John P. Mathis, Washington, D. C., for Tenneco.

Joseph M. Wells, Paul E. Goldstein, Chicago, Ill., for Natural Gas Pipeline Co.

Lilyan G. Sibert, Leland F. Cadenhead, Houston, Tex., for Tenn. Gas Pipeline Co.

John L. Williford, C. J. Roberts, Charles Laurence Pain, Bartlesville, Okl., for Phillips Petroleum.

William A. Sackmann, Findlay, Ohio, for Marathon Oil Co.

B. James McGraw, Warren M. Sparks, Tulsa, Okl., for Gulf Oil.

John H. Cooper, Jr., Martin N. Erck, Houston, Tex., for Exxon.

Tom Burton, Houston, Tex., for Continental Oil.

Peter H. Schiff, Albany, N. Y., Richard A. Solomon, Washington, D. C., for P. S. C.—N. Y.

Tom P. Hamill, Houston, Tex., for Mobil Oil Co.

Ronald J. Jacobs, David C. Henri, Tulsa, Okl., for Skelly Oil Co.

Edward J. Kremer, Jr., Dallas, Tex., for Atlantic Richfield.

Kirk W. Weinert, C. Fielding Early, Jr., Roger L. Brandt, Houston, Tex., for Texaco.

Kenneth L. Riedman, Jr., George C. Bond, Los Angeles, Cal., for Union Oil Co.

Edward J. Grenier, Jr., Richard P. Noland, Floyd I. Robinson, Jr., Washington, D. C., for General Motors Corp.

Richard F. Generelly, Washington, D. C., Jere G. Hayes, Robert C. Murray, Dallas, Tex., for General American Oil Co.

Justin R. Wolf and Richard F. Generelly, Washington, D. C., for California Co.—Div. of Chevron Oil.

Jerome J. McGrath, Washington, D. C., for Interstate Natural Gas Assoc. of America.

Patrick J. McCarthy, Omaha, Neb., for Northern Natural Gas Co.

Frederick Moring, Washington, D. C., for Associated Gas Distributors.

Before BELL, CLARK, and RONEY, Circuit Judges.

BELL, Circuit Judge:

Despite the energy crisis and the fact that the orders forming the subject matter of the instant petitions for review are said to grant the largest rate increase in the history of regulatory agencies, the review process is at a standstill pending decision on jurisdiction as between this court and the Court of Appeals for the District of Columbia. As will be seen, the problem stems, in the main, from the option given by statute, § 19(b) of the Natural Gas Act, 15 U.S. C.A. § 717r, to one aggrieved by an order of the Federal Power Commission, to obtain review of such order in the "court of appeals . . . wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia".

Pursuant to this procedure, numerous petitions have been filed in this court and in the District of Columbia Circuit to review certain opinions and orders issued by the Federal Power Commission (FPC) in a proceeding entitled "Just and Reasonable National Rates for Sales of Natural Gas from Wells Commenced on or after January 1, 1973, and New Dedications of Natural Gas to Interstate Commerce on or after January 1, 1973".

The first opinion and order was issued June 21, 1974, designated Opinion No. 699 and was followed by Opinion Nos. 699–A through 699–H. Primarily we are concerned with Opinion Nos. 699, 699–B, and 699–H and we find that this court has jurisdiction to hear all petitions for review of these opinions and orders.[1]

The sequence of pertinent orders and events is as follows: (1) Opinion No. 699, issued June 21, 1974, (2) the several petitions for rehearing, (3) in response, Opinion 699–B was issued on September 9, 1974 to modify No. 699, (4) Opinion No. 699–F was issued thereafter to deny certain of the petitions for rehearing theretofore filed as to Nos. 699–B and 699–C, and (5) Opinion No. 699–H, the final rate increase order, was issued on December 4, 1974.

## I.

■ Shell's petition for review of Opinion 699–B, No. 74–3330, is properly before this court.[2] Only Shell petitioned to review this order at the time it was issued and its petition was filed in this court. The attack on this petition for review, as will be seen, is on its form and the contention that the matter was not ripe for review.

In Opinion No. 699, the FPC rescinded (1) § 157.29 of its Regulations under the Natural Gas Act which had permitted emergency sales without a certificate for up to 60 days,[3] and (2) § 2.70 of its General Policy Statements and Interpretations which had permitted limited term certificates. Upon applications for rehearing, Opinion No. 699–B reinstated these procedures for onshore sales, but declined to fully reinstate for sales in the offshore federal domain.

■ We conclude that the issue made was then ripe for review and that Shell, as an aggrieved party, properly filed its petition for review No. 74–3330 on September 12, 1974.

■ The first petition to review No. 699–B in the District of Columbia Circuit was filed on November 11, 1974. Thus Shell was clearly the first in filing time except for the further contention that Shell failed to put the date and title of Opinion No. 699–B in its petition for review. We hold that this defect was not fatal to review.

■ We have no difficulty in ascertaining from the petition for review which opinion Shell sought to have reviewed. See Foman v. Davis, 1962, 371 U.S. 178, 181–182, 83 S.Ct. 227, 9 L.Ed.2d 222, 225–226; Hoiness v. United States, 1948, 335 U.S. 297, 300–301, 69 S.Ct. 70, 93 L.Ed. 16, 19–20; Blitzstein v. Ford Motor Co., 5 Cir., 1961, 288 F.2d 738; see also 9 Moore, Federal Practice § 203.18 (2 ed. 1973). The test is whether an opposing party was misled or prejudiced by the failure to properly designate the judgment which is the subject of the appeal. Foman v. Davis, *supra*. Since those parties opposing this motion argue merely from a technical standpoint and do not allege that they were misled or prejudiced by Shell's petitions, their contentions are without merit.

Shell has moved to supplement its petition to review No. 74–3330 (No. 699–B), so as to include the date and title of the Opinion, and also No. 74–4034 (No. 699–H) which suffers from the same defect. The motions to supplement are granted.[4]

---

1. Opinion No. 699–F, also involving Opinion Nos. 699, 699–B, 699–C, and the rehearing sought thereon in the FPC is before the Court of Appeals for the District of Columbia. We are told by counsel for the FPC that a motion to transfer the petition to review No. 699–F to this court will be filed in the District of Columbia Circuit in the event jurisdiction is found in this court to review Opinion Nos. 699, 699–B, and 699–H. This, of course, is a matter that addresses itself to that court.

2. It being agreed that Shell's petition for review No. 74–3304 (Opinion No. 699–B), and

petition for review No. 74–4032 (Opinion No. 699–H), were filed prior to the issuance of the opinions in question, they are hereby dismissed as being premature.

3. Opinion No. 699–F, now pending for review in the District of Columbia Circuit, n. 1, supra, overruled petitions for rehearing as to No. 699–C which limited this 60 day period of No. 699–B to a single 60 day period.

4. As discussed *infra*, the Rodman petition to review is controlling as to time of filing and jurisdiction with respect to Opinion No. 699–H.

As to the Opinion No. 699–H, there was a classic race to the courthouse of the District of Columbia by counsel for United States Senator Abourezk of South Dakota and American Public Gas Association, and to the Fifth Circuit by Rodman and Shell. This race by Rodman and Shell was in terms of multiple petitions filed in intervals of seconds. In each instance the filings were accomplished by relays of persons stationed between the issuing point of the Federal Power Commission, the nearest available telephones, and the respective courts.[5]

The filing procedures and times are supported by affidavits. They convince us that Rodman was first in filing time and thus jurisdiction to review Opinion No. 699–H is in this court.[6]

Such forum shopping as is present in this case is inherent in the statute, 15 U.S.C.A. § 717r, and care must be taken not to cast the courts of appeals in an untoward position vis-a-vis one another. *Cf.* Saturn Airways, Inc. v. C.A.B., 1973, 155 U.S.App.D.C. 151, 476 F.2d 907. Nevertheless, having found jurisdiction in this court to review Opinion Nos. 699, 699–B, and 699–H, the Federal Power Commission should file the record in this court. 28 U.S.C.A. § 2112(a), 15 U.S.C.A. § 717r (§ 19(b) of the Natural Gas Act), and Amerada Petroleum Corp. v. FPC, 10 Cir., 1964, 338 F.2d 808.

In sum, Nos. 74–3304 and 74–4032 are dismissed by reason of premature filing. The motion of Shell to supplement its petitions for review Nos. 74–3330 and 74–4034 is granted. The record in the matters giving rise to Opinions Nos. 699, 699–B, and 699–H will be filed by the Federal Power Commission in this court.

All petitions now pending in this court to review Opinions 699, 699–B, and 699–

| 5. | Petitioner | Time |
|---|---|---|
| 2. | Rodman in 5th Cir. No. 74–4038 | December 4, 1974, at 9:02 and 20 sec. a. m., c. s. t. (10:02 and 20 sec. a. m., e. s. t.) |
| 3. | Rodman in 5th Cir. No. 74–4040 | December 4, 1974, at 9:02 and 22 sec. a. m., c. s. t. (10:02 and 22 sec. a. m., e. s. t.) |
| 4. | Shell in 5th Cir. No. 74–4034 | December 4, 1974, at 9:02 and 24 sec. a. m., c. s. t. (10:02 and 24 sec. a. m., e. s. t.) |
| 5. | Rodman in 5th Cir. No. 74–4042 | December 4, 1974, at 9:02 and 30 sec., a. m., c. s. t. (10:02 and 30 sec. a. m., e. s. t.) |
| 6. | Rodman in 5th Cir. No. 74–4044 | December 4, 1974, at 9:02 and 45 sec. a. m., c. s. t. (10:02 and 45 sec. a. m., e. s. t.) |
| 7. | American Public Gas Association in D.C.Cir. No. 74–2073 | December 4, 1974, at 9:03 and 30 sec. a. m., c. s. t. (10:03 and 30 sec. a. m., e. s. t.) |
| 8. | Senator James Abourezk in D.C. Cir. No. 74–2074 | December 4, 1974, at 9:03 and 30 sec. a. m., c. s. t. (10:03 and 30 sec. a. m., e. s. t.) |
| 9. | Public Service Commission of the State of New York in D.C. Cir. No. 74–2080 | December 6, 1974, at 10:41 a. m., c. s. t. (11:41 a. m., e. s. t.) |

**6.** We have carefully considered and reject Senator Abourezk's contrary contention based on the claim that the clocks in both the District of Columbia and Fifth Circuits were wrong at the time of the various filings. (The clerks of the two courts had synchronized the clocks just prior to the filings.) By a process of correcting the time, the Senator is able to make premature all filings ahead of him. To do this, he finds it necessary to go one step further so as to adjust and assume a later time for the release of the opinion by the FPC.

H, or hereafter filed or which may be transferred to this court will be consolidated with the Shell petitions to review, Nos. 74–3330 and 74–4034, including but not limited to those of the Rodman Corporation, Nos. 74–4036, 74–4038, 74–4040, 74–4042 and 74–4044, and Texas Eastern Transmission Corp. and Transwestern Pipeline Co., No. 74–4147; General American Oil Company of Texas, No. 74–4233; Continental Oil Company, No. 74–1123; The Superior Oil Company, No. 75–1164; Placid Oil Company and Hunt Oil Company, No. 74–1246; Inexco Oil Company, No. 75–1266; Texas Production Company, Et Al., No. 75–1268; Freeport Minerals Company, No. 75–1270.

■ The motion that such petitions for review be consolidated into a single proceeding under the title "National Rate cases for New Gas" is granted with same to carry Docket No. 74–3330.

The clerk of this court is directed to expedite the proceeding as consolidated.