**SOUTHLAND MOWER COMPANY, Yazoo Manufacturing Company, Inc., and Outdoor Power Equipment Institute, Inc., Petitioners,**

v.

**UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION, Respondent.**

**Nos. 79–1203, 79–1295 and 79–1469.**

United States Court of Appeals, Fifth Circuit.

July 18, 1979.

Dunaway, McCarthy & Dye, Mac S. Dunaway, George D. Billock, Jr., Washington, D.C., Baldwin & Haspel, New Orleans, La., for petitioners.

John O. Hayward, Lexington, Mass., pro se, amicus curiae.

John S. Byington, Commissioner, Andrew S. Krulwich, Gen. Counsel, Consumer Product Safety Com'n, Robert B. Nicholson, Peter L. de la Cruz, Washington, D. C., for respondent.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

BY THE COURT:

On January 25, 1979, the Consumer Product Safety Commission met to consider issuing consumer product safety standards for walk-behind power lawn mowers under 15 U.S.C. §§ 2057, 2058. Although the Commission voted its approval of the standards, it decided that the final, redrafted document would be signed at a subsequent meeting and that the standards would be promulgated ten days after their publication in the Federal Register. Immediately after the Commission acted, Southland Mower Co. et al. filed a petition for review of the standards in the Court of Appeals for the Fifth Circuit, and John O. Hayward filed a similar petition in the Court of Appeals for the District of Columbia Circuit; Southland Mower Co.'s petition was time stamped 11:15 a. m. C.S.T., and John O. Hayward's petition was stamped 12:15:10 p. m. E.S.T. On February 5, 1979, the Commission voted, signed to approve the Federal Register notice, and again directed that the standards not be deemed promulgated until ten days after they were published in the Federal Register. Southland Mower Co. then petitioned for review in the Fifth Circuit at 12:31 p. m. C.S.T., and John O. Hayward petitioned in the District of Columbia Circuit at 1:32:20 p. m. E.S.T. The standards were delivered to the Federal Register for publication on February 12 and were published three days later at 44 Fed. Reg. 9990 (1979). On February 12, and, again, on February 15, John O. Hayward filed petitions for review in the District of Columbia Circuit. On February 26, ten days after the standards' publication, Southland Mower Co. filed a petition time-stamped 11:00 a. m. C.S.T. in the Fifth Circuit, and John O. Hayward filed a petition time-stamped 12:01 E.S.T. in the District of Columbia Circuit. Southland Mower Co. and the Commission moved in this court for a determination of venue; in a March 19, 1979, letter the District of Columbia Circuit indicated that it would defer to this court's venue determination. We find that the Fifth Circuit is the appropriate forum for this case.

The Federal Register notice published on February 15 provided, "The promulgation of the Standard will be 12:00 noon, Eastern Standard Time, on February 26, 1979." 44 Fed.Reg. 9990 (1979). A petition for review of a consumer product safety rule may be filed in a United States court of appeals no later than "60 days after [the rule] is promulgated by the Commission." 15 U.S.C. § 2060(a). Agencies have a great deal of discretion in determining the manner in which their actions are promulgated; therefore, we should defer to the agency's choice as long as it is reasonable. *Industrial Union Department, AFL–CIO v. Bingham,* 187 U.S.App.D.C. 56, 60, 67 n. 12, 570 F.2d 965, 969, 976 n. 12 (1977) (separate opinions by Leventhal, J., and Wilkey, J.). *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 676, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). In this case, the Commission designated noon on February 26, 1979, as the time of promulgation for the following reason:

This procedure would provide all interested persons—including those that might not be located in Washington or be able to afford to send a representative to Washington—an equal opportunity to review the final standard as published in the FEDERAL REGISTER and then determine in an orderly fashion whether to seek judicial review.

44 Fed.Reg. at 10023. Because the Commission's choice is reasonable, we find that the petitions filed before noon on February 26 are premature.

When proceedings challenging an order of an administrative agency or commission have been instituted in more than one court of appeals, the concerned agency or commission "shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted." 28 U.S.C. § 2112(a). Because the petitions filed before February 26 are premature, we will consider only the two petitions filed on or after noon E.S.T. on February 26 in

**14**

determining the court of first filing. *See Industrial Union Department, AFL–CIO v. Bingham,* 187 U.S.App.D.C. at 59, 64, 570 F.2d at 968, 973. The petition filed by Southland Mower Co. in the Fifth Circuit on that day was time-stamped 11:00 a. m. C.S.T. Although the petition that John O. Hayward filed in the District of Columbia Circuit on February 26 was first stamped as the clock turned from 12:00:59 p. m. to 12:01 p. m. E.S.T., it bears a 12:01 p. m. E.S.T. time stamp. Title 28, section 2112(a) of the United States Code was enacted to replace the practice of permitting an agency to file the record in the forum of its choice with a mechanical, first filing approach. *United Steelworkers of America v. Marshall,* 592 F.2d 693 (3rd Cir. 1979); *Ball v. NLRB,* 299 F.2d 683 (4th Cir. 1962). When one party "succeeds in obtaining an earlier time stamp from the Clerk of one court the agency under review must file there." *United Steelworkers of America v. Marshall,* 592 F.2d at 696. The petition filed by Southland Mower Co. was time stamped one minute before that of John O. Hayward; therefore, this court is the forum in which the proceedings were first instituted under 28 U.S.C. § 2112(a). *See Shell Oil Co. v. Federal Power Commission,* 509 F.2d 176, 178–79 (5th Cir. 1975). We find that "the convenience of the parties in the interest of justice" does not require us to transfer this case to another court of appeals. 28 U.S.C. § 2112(a).

ON CONSIDERATION of the motions of the parties for determination of venue

IT IS ORDERED that venue is determined to be in this circuit. The District of Columbia Circuit having deferred to this court on the question of venue, it is further ORDERED that all petitions for review now pending be consolidated in this court. All petitions filed before 12:00 noon, E.S.T. on February 26, 1979, are ORDERED DISMISSED. The Commission's motion for an extension of time for filing the record until ten days after the date of this order is GRANTED.