**PUBLIC SERVICE COMPANY OF NEW MEXICO, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

City of Gallup, New Mexico, Intervenor.

**CITY OF GALLUP, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

Public Service Company of New Mexico, Intervenor.

Nos. 82–1122, 82–1123, 82–1148 and 83–1558.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1983.

Paul H. Keck, John T. Stough, Jr., and Michael F. Healy of Morgan, Lewis & Bockius, Washington, D.C., and Richard B. Cole of Keleher & McLeod, Albuquerque, N.M., for petitioner-intervenor Public Service Co. of New Mexico.

Charles F. Wheatley, Jr. and Philip B. Malter of Wheatley & Wollesen, Washington, D.C., for intervenor-petitioner City of Gallup.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these cases. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The causes are therefore ordered submitted without oral argument.

In these cases we must determine which petition for review of an order issued by the Federal Energy Regulatory Commission (FERC) was the first to be timely filed. The court in which the first timely filing was made is the proper forum for review of that order. 28 U.S.C. § 2112(a). The City of Gallup, New Mexico, (Gallup) sought review of the order in the United States Court of Appeals for the District of Columbia (D.C.) Circuit, and the Public Service Company of New Mexico (PNM) sought review in this court.

The petition with the earliest time stamped on it was filed in the Tenth Circuit. Therefore the D.C. Circuit transferred its case (Petition II) to this court to permit us to determine whether that petition is valid. *City of Gallup v. Federal Energy Regulatory Commission,* 702 F.2d 1116, 1121 (D.C.Cir.1983). Neither petitioner disputes the facts as stated in the D.C. Circuit's opinion.

At approximately 3:00 p.m. on January 29, 1982, FERC clerical personnel prepared to issue (by public posting) Order 133–A, denying Gallup's motion for rehearing. That order was a final decision within the definition of the judicial review statute, 16 U.S.C. § 825*l*(b). Within one minute, PNM filed two petitions for review in this court and Gallup filed a petition for review in the D.C. Circuit.

*Petition I* (10th Circuit, No. 82–1122) was filed by PNM in the Tenth Circuit at 12:59:25 p.m. MST (2:59:25 p.m. EST) when a PNM representative discovered a copy of the relevant order in a box of orders before regular public posting on a bulletin board at Commission headquarters.

*Petition II* (D.C. Circuit, No. 82–1099, now 10th Circuit No. 83–1558) was marked filed in the D.C. Circuit at 2:59:50 p.m. EST by Gallup as notice of the challenged decision was posted on the bulletin board.[1]

*Petition III* (10th Circuit, No. 82–1123) was filed in the Tenth Circuit at 12:59:57.3 p.m. MST (2:59:57.3 p.m. EST) by PNM as notice of the challenged decision was posted on the bulletin board.

On February 3, 1982, the FERC staff notified both petitioners that Petitions I, II, and III were premature because they were filed before the official 3:00 p.m. release time. That same day PNM filed another petition for review in this court and Gallup filed another petition for review in the D.C. Circuit.

*Petition IV* (10th Circuit, No. 82–1148) was filed in the Tenth Circuit at 9:35 a.m. MST (11:35 a.m. EST) by PNM.

*Petition V* (D.C. Circuit, No. 82–1115) was filed in the D.C. Circuit at 11:44:50 a.m. EST by Gallup.

The FERC sought dismissal of the three petitions it considered to be premature. The Secretary of the Commission stated in an affidavit that he was responsible for the issuance of public information about Commission actions and that he gave specific instructions that Order 133–A was not to be issued until exactly 3:00 p.m. on January 29, 1982. The Secretary also stated that the Commission's long-standing practice was to issue Commission documents at 10:00 a.m. or 3:00 p.m. and that Order 133–A was issued at 3:00 p.m. in accordance with his instructions.

The FERC later withdrew its motions to dismiss and requested permission to defer filing the administrative record until the venue problem had been resolved. The FERC now takes "no position on the question of which court has jurisdiction over these cases because it has no accurate infor-

---

1. The recording device in the D.C. Circuit clerk's office shows time only in ten-second intervals; thus, the file stamp notation of 2:59:50 would mean that the document was filed between 2:59:50 and 2:59:59.59, before or after Petition III was filed in the Tenth Circuit.

mation regarding the precise moment Order 133–A was posted."

Since there is no dispute that Petitions II and III were filed as Order 133–A was posted, it is obvious that the recording devices in the clerks' offices were slow or that the order was posted before 3:00. Regardless of the source of the imprecision in this instance, though, we think that the first moment for proper filing should be precisely 10:00 a.m. or 3:00 p.m. in accordance with the FERC's "long-standing" practice of issuing decisions at either 10:00 a.m. or 3:00 p.m. Administrative agencies are given considerable latitude in determining the precise event that marks the beginning of the period for judicial review under 28 U.S.C. § 2112(a). *Southland Mower Co. v. United States Consumer Product Safety Commission,* 600 F.2d 12, 13 (5th Cir.1979). The Secretary of the FERC has determined that 10:00 a.m. and 3:00 p.m. are the critical moments in regard to FERC orders. We therefore hold that in FERC matters such as this, 10:00 a.m. or 3:00 p.m., or for future cases whatever time the Secretary determines as critical, is the first moment at which a petition for review of an order can be timely filed even if the order is physically posted somewhat before that time.

The time of filing marked on the petitions for review is presumed correct. *See United Steel Workers of America v. Marshall,* 592 F.2d 693, 696 (3d Cir.1979). The parties do not disagree with the times marked on Petitions I, II, and III. The D.C. Circuit commented that Judge Bazelon suggested in *Abourezk v. FPC,* 513 F.2d 504 (D.C.Cir.1975), that a petition that is time stamped slightly before the official time of an order's issuance should be taken as valid. *City of Gallup v. Federal Energy Regulatory Commission,* 702 F.2d at 1124.

What Judge Bazelon said is this:

"It is possible that the earliest petition might bear a time stamp indicating that it was filed prior to the agency order it seeks to review. If such a situation arises, it would be up to both the courts and the agencies to determine whether this was due to incorrectly set clocks or over-anxious counsel."

513 F.2d at 505. In other words, Judge Bazelon said that a file stamp need not be conclusive evidence of time of filing. A party could attempt to show that the file stamp was incorrect and that the filing was actually timely. He did not say that a slightly premature filing should be taken as valid.

In this case, no one is asserting that either Petition II or Petition III was filed at or after 3:00 p.m. Consequently, we must conclude that both petitions were filed before 3:00 p.m. We therefore conclude that Petitions I, II, and III were premature and must be dismissed. We further conclude that Petition IV, No. 82–1148, was the first filed within the meaning of § 2112(a). We therefore direct respondent to file the administrative record in this court, and we dismiss petitions Nos. 82–1122, 82–1123, and 83–1558.

It is so ordered.