The **AMERICAN NEWSPAPER PUB-LISHERS ASSOCIATIONS**, Petitioner,

v.

**UNITED STATES POSTAL SERVICE**, Respondent.

No. 86–4149.

United States Court of Appeals, Fifth Circuit.

April 25, 1986.

---

Phelps, Dunbar, Marks, Claverie & Sims, Jack M. Weiss, Mary Louise Strong, New Orleans, La., W. Terry Maguire, Tonda F. Rush, Washington, D.C., for petitioner.

Frances G. Beck, Washington, D.C., Thomas H. Pigford, U.S. Postal Service, Memphis, Tenn., for respondent.

Thomas W. McLaughlin, John M. Burzio, Ian D. Volner, Washington, D.C., for Advo-System, Inc.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

## ORDER

PER CURIAM:

On March 4, 1986, the governors of the United States Postal Service entered a rate order which the American Newspaper Publishers Association, a party which had appeared in the proceeding held pursuant to 39 U.S.C. § 3662, immediately appealed to this court. The issue before us, raised by Respondent United States Postal Service, is whether venue, governed directly or indirectly by 39 U.S.C. § 3628, is appropriate in this court. For the following reasons, we find that it is not, and order that this proceeding be transferred to the Fourth Circuit Court of Appeals.

The petitioner's principal place of business is in Virginia. Intervention on appeal is sought by the Third Class Mail Association, McGraw Hill Incorporated, AdvoSystem, Inc., and the Association of Business Publishers, none of which companies or organizations resides or has its principal office within this circuit.[1] AdvoSystem Inc., supports the motion to change venue.

Our quest for proper venue of this action commences with 39 U.S.C. § 3628 which provides, in pertinent part:

A decision of the Governors to approve, allow under protest, or modify the recommended decision of the Postal Rate Commission may be appealed to any court of appeals of the United States, within 15 days ... by an aggrieved party who appeared in the proceedings under § 3624(a) of this title. The court shall review the decision, in accordance with section 705 of title 5, and chapter 158 and section 2112 of title 28, except as otherwise provided in this section, on the basis of the record before the Commission and the Governors ... (emphasis added).

Jurisdiction resides in this court pursuant to the express language of § 3628, but jurisdiction is not co-equal with proper venue. Except as otherwise provided therein, § 3628 incorporates by reference 28 U.S.C. Chapter 158, which governs review of orders of certain federal agencies. Chapter 158, at 28 U.S.C. § 2343, provides for the venue of a review proceeding "in the judicial circuit in which the petitioner resides or has its principal office, or in the United States Court of Appeals for the District of Columbia Circuit." Thus, unless § 2343 is inconsistent with the conferring of jurisdiction upon "any court of appeals" earlier provided for in § 3628, it controls the venue of this proceeding. We do not find it inconsistent.

In granting jurisdiction to "any court of appeals", § 3628 is not unlike 28 U.S.C. § 2342, which states that "the court of appeals has exclusive jurisdiction ..." to review orders of several federal agencies. The scheme for review of those agencies' proceedings is provided in succeeding sections of 28 U.S.C. Chapter 158, of which the venue provision, § 2343, is a part. It was perfectly reasonable for Congress to vest general jurisdiction in the courts of appeals in § 3628, leaving the procedural issues of venue and other matters to other statutory provisions, as was done in Chapter 158. Unlimited choice of venue, the novel alternative to incorporation of § 2343, would conflict with the prevalent custom of entrusting judicial review to courts that had some direct connection to the parties involved in the administrative proceeding.

---

1. The motions to intervene have been deferred, pending transfer of this case.

The applicability of § 2343 is reinforced, at least inferentially, by the decision of the Second Circuit in *Newsweek, Inc. v. United States Postal Service*, 652 F.2d 239 (2nd Cir., 1981). Ruling on a request for change of venue, the court pointed out that 12 of the parties involved in the appeal of a postal service rate making proceeding had their principal offices within that circuit, as is required by § 2343. While the court also stated that jurisdiction should be retained in the forum "chosen by an aggrieved party where ... Congress has given him a choice," 652 F.2d 243, that language does not exclude the applicability of § 2343 to the venue determination. Section 2343 affords a choice of venue where the petitioner resides or has its principal office, or in the District of Columbia. The quoted language in *Newsweek* does not require, as petitioner suggests, a finding of venue in *any* court of appeals.

 Petitioner alternatively contends that if § 2343 applies, it "resides" in this circuit by reason of the location here of 95 of its 1396 members. In support of this position, petitioner cites *The Formaldehyde Institute Inc. v. United States Consumer Product Safety Commission*, 681 F.2d 255 (5th Cir.1982), which permitted a New York-based trade association, membership of which included entities located in the Fifth Circuit, to seek review of agency orders in this circuit. The issue was not presented to this court, however, because contemporaneous petitions for review had been filed by parties who did have their principal places of business within the Fifth Circuit and thus met any applicable venue test. On the other hand, *American Civil Liberties Union v. F.C.C.*, 774 F.2d 24 (1st Cir.1985) squarely addressed and denied petitioner's suggestion that the location of a trade association member may be imputed to the association for venue purposes. We agree with the reasoning of the First Circuit that:

> Given the particularly narrow wording chosen by Congress in § 2343, there is simply no basis to conclude that Congress intended to endow membership corporations with a choice of venue unavailable to other petitioners. To so hold, would, moreover, sanction unlimited forum-shopping by membership corporations, a practice we are loathe to encourage."

774 F.2d at 25–26.

Because Petitioner does not satisfy the venue test set forth in 28 U.S.C. § 2343, incorporated by reference in 39 U.S.C. § 3628, venue is improper in this circuit, and we transfer this case to the Fourth Circuit Court of Appeals.