Richard MULLIGAN, et al.,
**Plaintiffs-Appellants,**

v.

**George SCHULTZ, Secretary of State,
and the United States of America,
Defendants-Appellees.**

No. 87–1666
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 8, 1988.

---

**1.** On August 1, 1987 Rule 9021 was amended to explicitly incorporate Rule 58.

Joshua Turin, Eugene J. Flynn, Dallas, Tex., for plaintiffs-appellants.

Thomas W. Hussey, Atty., Dept. of Justice, Office of Immigration, Lit., Civ. Div., Eloise Rosas, Washington, D.C., for defendants-appellees.

Before GEE, GARWOOD and JONES, Circuit Judges.

GEE, Circuit Judge:

The appellants are sixty-two aliens who brought suit to redress decisions by United States consular officers not to accept their applications for immigration visas, proffered to various consular officers at posts outside our Country. These administrative decisions were based on the regulations promulgated by the Secretary of State implementing Section 314 of the Immigration Reform and Control Act of 1986. The district court dismissed the appellants' action with prejudice for lack of subject matter jurisdiction. The court rested its holding on the doctrine of consular nonreviewability. We disagree with its holding dismissing the action for lack of subject matter jurisdiction but nevertheless find no merit in appellant's position.

The Immigration Reform and Control Act of 1986 (IRCA), Pub.L. No. 99–603, 100 Stat. 3359, was signed into law on November 6, 1986. Section 314(b)(2) of the Act represents the focal point for this dispute. It authorizes an additional 5,000 non-preference immigrant visas to be issued by

the Department of State. Section 314 requires, however, that "visa numbers shall be made available strictly in the chronological order which ["adversely affected" immigrants] *qualify after the date of the enactment of this Act.*" 100 Stat. 3439 (emphasis added). In implementing this provision, the Department of State published an interim rule for notice and comment on January 14, 1987. *See* Visas; Documentation of Immigrants Under Section 314 of Pub.L. 99–603, 52 Federal Register 1447 (1987). The rule announced that in order to qualify for the visas, immigrants had to register between January 21, 1987 and January 27, 1987. A final rule adopting this interim procedure was adopted on May 13, 1987. 52 Federal Register 17,944 (1987).

The appellants brought this challenge because the regulations prevented them from establishing a chronological priority enabling them to qualify for the visas. The appellants had attempted to register for these visas between November 7, 1986 and December 1, 1986.[1] They argue that Section 314 of the IRCA is a "self-executing" provision of the Act because of the terms "qualify after the date of the enactment of this Act." Thus, they argue, State Department regulations were invalid and the Department was required to accept all applications immediately after President Reagan signed the bill. The district court rejected this claim as an attempt to "circumvent the doctrine of nonreviewability of consular decisions by naming as a defendant the Secretary of State and [by] couching their claims as a challenge to the regulations governing the visa application process."

Although this Circuit has maintained a jurisdictional principle that "decisions of United States consuls on visa matters are nonreviewable by the courts," *Centano v. Schultz,* 817 F.2d 1212, 1214 (5th Cir.1987), such a principle is inapplicable to the circumstances of this case. In this case, the appellants are not challenging the discretion of consuls in refusing to process applications for non-preference visas filed outside of the dates specified by the Depart-

ment of State's interim rules. Rather, they are challenging the authority of the Secretary of State to specify those dates.

▇ Because its language is spare, the statute does give the appearance of being self-executing. The command of § 314(b)(2) is that visas "shall be made available ... after the date of enactment of this Act." Given this statutory interpretation, registration after November 6, 1986— the date the bill was signed into law— might be viewed as valid for priority purposes. This view, however, is foreclosed by other language in Section 314.

First, § 314(b) authorizes the Secretary of State to make visa numbers available in the same manner as he is authorized under Section 203(a)(7) of the Immigration and Nationality Act. Under this provision, the Secretary is given authority to regulate the list of applicants. *See* 8 U.S.C. § 1153(a)(7). Second, § 314(b)(2) requires that visas be made available to immigrants who *qualify* after the date of the enactment of the act. Third, the Secretary must set up a chronological system for filing the applications covered by this provision. Thus, even if Section 314 had a self-executing character, it would be conditioned upon qualifications set up by the Secretary of State.

Consistent with § 314 and following a congressional directive, the Secretary promulgated reasonable, if somewhat complex, regulations to establish "an orderly mechanism for the distribution of visas under this provision." Conf. Rep. on Pub.L. 99–603, H. Rep. No. 1000, 99th Cong. 2d Sess. 98 (1986), U.S.Code Cong. & Admin. News 1986, pp. 5649, 5853. These regulations are entitled to "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). Appellants have not surmounted this legal

---

**1.** The appellants also applied during the period specified by the interim rule but failed to quali-

fy for the visas.

barrier in their challenge to the validity of the regulations.

Consequently, although the district court had jurisdiction over this case, it lacks legal merit as a facial challenge to the regulations based on their inconsistency with Section 314, and we must VACATE and REMAND, with instructions to enter judgment for Appellees.