134 F.3d 929
 98 Cal. Daily Op. Serv. 447, 98 Daily Journal
D.A.R. 605
Jyotika PATEL; Mohanbhai Patel, Petitioners-Appellants,
v.
Janet RENO, Attorney General; Immigration and
Naturalization Service; Clifton J. Rogers, INS,
Acting District Director, Los Angeles,
Respondents-Appellees.
 No. 96-55359.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 10, 1997.
Decided Aug. 1, 1997.
Amended Jan. 16, 1998.
 
 Michael J. Carrozzo, Law Offices of Steven D. Karp, Beverly Hills, California, for the petitioners-appellants.
 Michael C. Johnson, Assistant United States Attorney, Los Angeles, California, for the respondents-appellees.
 Appeal from the United States District Court for the Central District of California; Harry L. Hupp, District Judge, Presiding. D.C. No. CV-93-07090-HLH.
 Before: CANBY and THOMAS, Circuit Judges, and KING,* Senior U.S. District Judge.
 THOMAS, Circuit Judge:
 
 
 1
 The Patel family's visa application has been pending before the United States Consulate in Bombay, India for eight years without action. The Patels filed this mandamus action to force the consulate to make a decision. Because we agree that the applicable regulations require the consulate to act, we reverse the district court's grant of summary judgment. We affirm the district court's issuance of summary judgment as to non-consulate parties who are without any power to issue visas.
 
 
 2
 * Mohanbhai Patel, a naturalized United States citizen, seeks visas for his wife and her two daughters in India. The Immigration and Naturalization Service suspects Patel was naturalized under false pretences by marrying an American citizen while still being married to his wife in India. On the urging of the INS, the consulate in Bombay, India has refused to act on the Patel family visa applications, even though Patel remains a naturalized citizen.
 
 
 3
 Patel, a native of India, arrived in the United States on a nonimmigrant visitor's visa in 1981. Patel and Judy Brewington, an American citizen, were married on April 23, 1982. They resided together for less than two months before separating. On May 9, 1982, Patel was apprehended in Las Cruces, New Mexico, by the INS because he had failed to depart. Patel filed an Application for Status as Permanent Resident on June 8, 1982, based on his marriage to Judy Brewington. On his application he did not answer the question whether he had any prior marriages, and listed only Judy in the space provided for identifying one's spouse. Patel put "N/A" in the space for identifying his children. On August 9, 1982, Patel was granted lawful permanent resident status based on his marriage to Judy. Judy filed for divorce on July 18, 1983, which was granted on August 24, 1983.
 
 
 4
 Five years later, after having achieved the requisite five years as a lawful permanent resident, Patel applied to naturalize. In his naturalization petition and at a subsequent interview under oath, Patel swore he had only been married once, to Judy, and swore that he had no children. His application to naturalize was granted on May 25, 1988.
 
 
 5
 Patel filed an I-130 petition in October of 1988 on behalf of a current alien spouse, plaintiff Jyotika Patel, whom Patel claimed to have married in India in July 1988. Patel also petitioned on behalf of Jyotika's two children in India. These petitions were approved by the INS and forwarded to the U.S. Consulate in Bombay.
 
 
 6
 The U.S. Consulate in Bombay conducted an investigation of Patel's marriage and uncovered indications that he actually had married Jyotika Patel in 1976, had registered their marriage in 1980, and had never divorced her. This, of course, suggested that Patel's marriage in 1982 to Judy was bigamy, and was null and void for purposes of bestowing naturalization on him. The consulate forwarded the visa petitions back to the INS for further action to be taken against Patel.
 
 
 7
 Counsel for Patel and Jyotika Patel, meanwhile, made numerous inquiries regarding the status of the visas. These inquiries either were not returned or answered with vague assurances that a decision would be rendered soon. The Patels filed a complaint seeking mandamus relief on November 18, 1993. To settle the suit, the respondents stipulated that the visa petitions would be transmitted back to the consulate in Bombay and the complaint was dismissed without prejudice.
 
 
 8
 The INS did send the visa petitions back to the consulate in Bombay around March 2, 1994, but they also informed the consulate that denaturalization proceedings had begun against Patel. Acting on this information, the consulate did not issue the visas. In fact, however, no denaturalization proceedings had begun against Patel.
 
 
 9
 Counsel for the Patels wrote to the consulate regarding the status of the visa applications on June 28, 1994. Christine Lee, the Chief of the Immigrant Visa Unit at the consulate in Bombay, responded with a letter which explained that the INS told them that denaturalization proceedings had begun against Patel and thus "the application is refused" until the denaturalization proceedings had been completed and Patel's eligibility to petition had been firmly established.
 
 
 10
 The Patels filed a motion to reopen their complaint for mandamus action, which was granted. The Patels filed an amended and supplemental complaint on June 20, 1995, which, in addition to the original respondents (Janet Reno, the INS, and Clifton Rogers (the INS acting director)), named the United States Consulate at Bombay, India, Christine Lee (the Chief Counsel at the Immigrant Visa Section at Bombay), and the Secretary of State as respondents.
 
 
 11
 In October of 1995, the INS finally acted to initiate denaturalization proceedings against Patel by filing a complaint in the district court. No judgment has been issued in that case and the action is still pending.
 
 
 12
 The parties filed summary judgment motions, and the district court granted summary judgment in favor of the respondents. The Patels appeal.
 
 II
 
 13
 Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986).
 
 
 14
 Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir.1986); Ventura-Escamilla v. INS, 647 F.2d 28, 30 (9th Cir.1981). However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.[1] See Mulligan v. Schultz, 848 F.2d 655, 657 (5th Cir.1988) (judicial review is appropriate to consider a challenge to the Secretary's authority to place temporal limits on processing non-preference visa applications).
 
 
 15
 The Patels are challenging the consul's authority to suspend their visa applications, not challenging a decision within the discretion of the consul. Therefore, jurisdiction exists to consider whether the consulate has the authority to suspend the visa applications.
 
 
 16
 A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."
 
 
 17
 Respondents argue that Lee's letter to the Patels' counsel dated July 16, 1994, was a refusal. We disagree. 22 C.F.R. § 42.81(b) sets out the "Refusal procedure" for visa applications:
 
 
 18
 When an immigrant visa is refused, an appropriate record shall be made in duplicate on a form prescribed by the Department. The form shall be signed and dated by the consular officer. The consular officer shall inform the applicant of the provision of law or implementing regulation on which the refusal is based and of any statutory provisions under which administrative relief is available.
 
 
 19
 Although Lee's letter complies in part with these requirements by stating the law under which the applications were denied (section 221(g) of the INA), and by having a date and signature by a consular official (Christine Lee), it does not comply in other respects. It is not on a "form prescribed by the Department," and it does not state statutory provisions under which administrative relief is available. Most importantly, it is not a final decision. As respondents' counsel admitted during oral argument, the consulate is holding the visa applications in abeyance. Additionally, respondents' counsel stated that should the denaturalization procedures conclude favorably for Patel, the Patels would not have to fill out new visa applications; these ones would be reactivated. No provision for suspension of the visa applications or for a temporary refusal is provided in 22 C.F.R. § 42.81.[2] "There are no exceptions to the rule that once a visa application has been properly completed and executed before a consular officer a visa must be either issued or refused." 10 Charles Gordon et al., Immigration Law & Procedure § 42.81 n.1 (1994). We therefore conclude that the consulate's letter is not a refusal within the meaning of 22 C.F.R. § 42.81.
 
 
 20
 Nor can we accept the district court's characterization of the consulate's action as a permissible suspension of the Patels' application. Suspension is authorized upon discovery of misrepresentation or fraud, see 22 C.F.R. § 42.43, but only if the consulate also returns the petition to the I.N.S. for a final disposition. The consulate did not return the petition in this case. Consequently, its provisional refusal of the Patel's application does not fit within § 42.43's exception to the requirement that the consulate either issue or refuse the visa.
 
 
 21
 Therefore, we find that the consulate had a duty to act and that to date, eight years after application of the visas, the consulate has failed to act in accordance with that duty and the writ should issue. Resolution of this issue makes our consideration of the Patel's constitutional claims unnecessary.
 
 III
 
 22
 However, summary judgment was appropriately granted in favor of the Attorney General, the Secretary of State, the INS, and District Director Rogers. As acknowledged by the Patels during oral argument, it is uncontested that only State Department consular officers have the power to issue visas. 8 U.S.C. §§ 1101(a)(9), (16); 1201(a). Not even the Secretary of State has the power to review a consular official's visa decision. Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir.1986). Therefore, summary judgment against all entities and officials without power to issue a visa was properly granted by the district court.
 
 
 23
 The Patels contend that mandamus is still appropriately granted against these respondents to "mandate them to refrain from hindering the State Department's issuance of the immigrant visas." Such relief does not involve a nondiscretionary, ministerial duty, as required before a writ of mandamus can issue. Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986). Therefore, mandamus is an inappropriate remedy with regard to these officials and entities.
 
 CONCLUSION
 
 24
 We affirm the district court's grant of summary judgment in favor of respondents Janet Reno, Madeline Albright (substituted for Warren Christopher pursuant to Rule 43(c), Fed. R.App. P.), the INS, and Clifton Rogers. We reverse the district court's grant of summary judgment in favor of the United States Consulate at Bombay and Lee, and remand for the district court to order the consulate to either grant or deny the visa applications. Given the lengthy delay which has already occurred, the consulate's decision on the visas should be rendered no later than thirty days from the date this order is filed. Petitioners are awarded their costs.
 
 
 25
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawai'i, sitting by designation
 
 
 [1]
 We do not suggest that this is the only exception to the general rule or that it represents the limitation of judicial review of visa denials generally. For example, we note that judicial review exists when the government has denied a visa if the government did not act "on the basis of a facially legitimate and bona fide reason." Kleindienst v. Mandel, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972). In addition, as government counsel noted at oral argument, judicial review may also exist under certain circumstances pursuant to the Administrative Procedure Act. However, neither situation is presented in this appeal
 
 
 [2]
 Rejected visa applicants may, however, request that the consulate retain their documents for one year if the grounds of ineligibility can be overcome by the presentation of additional evidence, and they may demand reconsideration of their application if they produce such evidence within that year. See 42 C.F.R. § 42.81(b) and (e). This exception, however, would not authorize the "provisional refusal" issued by the consulate in this case. The consulate's stay of the finality of its refusal was not initiated by the applicant's indication of an intention to present further evidence, as required by § 42.81(b), and the one year limit, which began to run on July 16, 1994 with consular officer Lee's purported letter of refusal, has long since expired