Amer H. EL–MAHDY, Plaintiff–Appellant,

v.

UNITED STATES of America, STATE DEPARTMENT; Daniel C. Kurtzer, Ambassador to Egypt; Roger D. Pierce, Consular General, U.S. Embassy, Cairo, Egypt; Laura Dogu, Chief (nonimmigrant) U.S. Embassy, Cairo, Egypt, Defendants–Appellees.

No. 01–3600.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

Amer H. El–Mahdy appeals a district court order dismissing his complaint for failure to state a claim. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

El–Mahdy sued the State Department, the United States ambassador to Egypt, and two members of the U.S. Embassy staff in Egypt, alleging that the defendants discriminated against him by denying a travel visa to his "escort." The district court concluded that El–Mahdy had failed to state a claim and dismissed the case. El–Mahdy has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed El–Mahdy's complaint for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

El–Mahdy has not set forth sufficient facts that would entitle him to relief. El–Mahdy alleges that the defendants improperly denied a visa to his companion for a trip to the United States. However, El–Mahdy has not set forth a jurisdictional basis for a federal court to review his claims. The district court determined that his claims were not properly brought under 42 U.S.C. §§ 1983 or 2000e, and El–Mahdy acknowledges in his reply brief that these statutes are not appropriate jurisdictional bases for his claims. Despite this acknowledgment, he provides no other basis for a federal court to consider his claims. More importantly, the federal courts have consistently held that they cannot review the visa decision of a consular officer. *See, e.g., Saavedra Bruno v. Albright,* 197 F.3d 1153, 1159–60 (D.C.Cir. 1999); *Patel v. Reno,* 134 F.3d 929, 931 (9th Cir.1997).

Lastly, we note that El–Mahdy made conclusory allegations in his complaint that he was being improperly investigated by the FBI. However, El–Mahdy did not sue the Bureau or any of its agents, and his conclusory allegations are insufficient to state a claim. *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996). On appeal, El–Mahdy raises numerous additional allegations against the FBI. However, this court will not consider these allegations because El–Mahdy did not raise them in the district court, *Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir.1994), and because the FBI is not a defendant in this case.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.