**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JAN 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT R. MARTIN, | No. 18-15347 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00474-RCJ-VPC |
| v. | |
| NINA E. OLSON; UNITED STATES INTERNAL REVENUE SERVICE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 15, 2019**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Scott R. Martin appeals pro se from the district court's judgment dismissing

for lack of jurisdiction Martin's mandamus action seeking to compel the National

Taxpayer Advocate to respond to his inquiry. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Stang v. IRS*, 788 F.2d 564, 565 (9th Cir.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1986).  We affirm.

The district court properly dismissed this action for lack of mandamus jurisdiction because the National Taxpayer Advocate does not have a "nondiscretionary duty" to respond to Martin's inquiries.  *See* 28 U.S.C. § 1361; *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (explaining the conditions for availability of mandamus relief); *Stang*, 788 F.2d at 565-566 (affirming the district court's dismissal for lack of mandamus jurisdiction because the IRS had no "nondiscretionary duty" to assess plaintiff's taxes on demand).

We do not consider matters that are not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 986 (9th Cir. 2009).

**AFFIRMED.**

18-15347