**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN C. LEVI, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY; et al., <br><br> Defendants-Appellees. | No. 19-35128 <br><br> D.C. No. 3:17-cv-00183-TMB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted October 15, 2019**

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Steven C. Levi appeals pro se from the district court's order dismissing for

lack of subject matter jurisdiction his mandamus action seeking to compel the four

federal agency defendants to investigate his alleged "gift mortgage" theory.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of subject matter jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

The district court properly dismissed Levi's mandamus action for lack of subject matter jurisdiction because Levi failed to allege facts sufficient to demonstrate Article III standing, entitlement to mandamus relief, or the waiver of defendants' sovereign immunity. *See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007) ("It has long been established . . . that the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government."); *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (setting forth the requirements for mandamus relief); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001) (suits against any agency of the United States "are barred by sovereign immunity unless there has been a specific waiver of that immunity").

Levi's renewed motion for summary judgment, set forth in the reply brief, is denied.

All other pending motions are denied.

**AFFIRMED.**