# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1731EM

_____

| | | |
|---|---|---|
| Hung Chi Doan; Lanh Thi Nguyen; Huy Duc Doan; Hoang Minh Doan; Nhi Yen Doan, | * * * * | |
| Appellants, | * * | |
| v. | * * * | On Appeal from the United States District Court for the Eastern District of Missouri. |
| Immigration and Naturalization Service, | * * * | |
| Appellee. | * | |

_____

Submitted: October 16, 1998
Filed: November 24, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Lanh Thi Nguyen (Nguyen), Hung Chi Doan (Doan), Huy Duc Doan, Hoang Minh Doan, and Nhi Yen Doan appeal from the District Court's[1] order dismissing their complaint for lack of jurisdiction. We affirm.

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

Nguyen is a citizen and resident of the Republic of Vietnam. Her husband, Doan, is a naturalized citizen of the United States, and their children--the other three plaintiffs--are permanent residents of the United States. Doan entered the United States as a refugee in 1989, but in 1993 the Immigration and Naturalization Service (INS) denied refugee status to Nguyen under 8 U.S.C. § 1182(a)(6)(C)(i) and (a)(6)(E)(i) on the basis of a "finding of misrepresentation and alien smuggling." Specifically, the INS found that in 1992 she had submitted false documents, "attempted to gain an immigration benefit as the adoptive mother of an Amerasian," and attempted to smuggle her brother by claiming he was her son.

In 1994, Doan became a naturalized United States citizen. In 1995, he petitioned the INS on behalf of his wife and children to accord them immediate-relative status for issuance of immigrant visas. In 1996, Nguyen filed with the INS District Director an "Application By Refugee For Waiver of Grounds Of Excludability" under 8 U.S.C. § 1157(c)(3) (Attorney General may waive earlier misconduct "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest"). While the refugee-waiver application was pending, the children were granted immigrant visas, but Nguyen was denied a visa based upon the earlier finding of misrepresentation and attempted alien smuggling of her brother. In 1997, INS District Director Olen Martin, located in Bangkok, Thailand, refused Nguyen's refugee-waiver application, citing the provision of 8 C.F.R. § 207.1(d) that an "applicant for refugee status who qualifies as an immediate relative . . . shall not be processed as a refugee unless it is in the public interest," and stating that, because Nguyen qualified as an immediate relative, she could not be considered for refugee classification.

Plaintiffs then filed the instant action with the District Court, seeking review of Director Martin's decision. The INS filed a motion to dismiss. Noting that courts do not have jurisdiction to review consular officials' determinations, the District Court concluded it lacked jurisdiction to review Director Martin's decision, and dismissed

plaintiffs' claims with prejudice. Plaintiffs now appeal, asserting that the District Court erroneously found Director Martin's decision was a nonreviewable consular official's decision, and that Director Martin failed "to consider whether [Nguyen] is eligible for refugee classification."

Because the position of INS District Director is distinct from that of a State Department consular official, we believe that the District Court may have mischaracterized Director Martin's decision under Section 207.1(d) as a consular official's decision. We conclude, however, that Director Martin is the functional equivalent of a consular official, because he is an Executive Branch official, located outside the United States, deciding questions of admissibility brought before him by aliens who are also located outside the United States. Administrative decisions excluding aliens are not subject to judicial review unless there is a clear grant of authority by statute. As there is no such statutory authority here, we conclude that Director Martin's decision is not subject to judicial review. See Kleindienst v. Mandel, 408 U.S. 753, 762 (1972) ("unadmitted and nonresident alien" has no constitutional right of entry into United States as nonimmigrant or otherwise); Brownell v. Tom We Shung, 352 U.S. 180, 184 & n.3 (1956); Haitian Refugee Ctr., Inc. v. Baker, 953 F.2d 1498, 1505-07 (11th Cir.) (per curiam) (§ 1157 makes no provision for judicial review, demonstrating Congress's intent not to extend judicial review to aliens abroad; no judicial review under Administrative Procedure Act), cert. denied, 502 U.S. 1122 (1992); cf. Patel v. Reno, 134 F.3d 929, 931-32 (9th Cir. 1998) (consular official's discretionary decision to grant or deny visa petition is generally not subject to judicial review).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.