**Nishat KOUSAR, Plaintiff,**

v.

**Robert MUELLER III, Defendant.**

**No. C–07–05221 (EDL).**

United States District Court, N.D. California.

March 11, 2008.

Ben Loveman, Law Office of Virender Kumar Goswami, San Francisco, CA, for Plaintiff.

Ila Casy Deiss, United States Attorney's Office, San Francisco, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING IT IN PART; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART AND GRANTING IT IN PART

ELIZABETH D. LAPORTE, United States Magistrate Judge.

On October 11, 2007, Plaintiff Nishat Kousar filed a petition for writ of mandamus pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, et seq., alleging that Defendants have failed to adjudicate her I–485 application for permanent residency within a reasonable time. In her cross-motion for summary judgment, Plaintiff seeks an order directing Defendants to adjudicate her I–485 application, which has been pending for over four years. In their cross-motion for summary judgment, Defendants argue that Defendants Robert Mueller and Michael B. Mukasey should be dismissed, that relief is not available under the APA and that the delay in processing Plaintiff's application is reasonable.

## I. FACTUAL BACKGROUND

Plaintiff is a citizen of India. She was granted political asylum in the United States on August 30, 2002. Complaint ¶ 17 & Ex. A. Plaintiff applied for adjustment of status to lawful permanent residence (Form I–485) as an "asylee" pursuant to 8 U.S.C. § 1159(b) on January 5, 2004. *Id.* at Ex. B. A background security name check request was submitted to the FBI by the United States Citizenship and Immigration Services ("USCIS"), and received by the FBI on January 14, 2004. Cannon Decl. ¶ 41. The only information that Plaintiff has been able to ascertain regarding the status of her case is that her case is pending for Background Investigation and FBI name checks. *See* Complaint at Ex. F, G.

## II. LEGAL STANDARDS

### A. Mandamus Jurisdiction

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir.1997); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

### B. APA Jurisdiction

■ To invoke jurisdiction under the Administrative Procedure Act ("APA"), "a petitioner must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty." *Gelfer v. Chertoff*, 2007 WL 902382 at *1 (N.D.Cal., March 22, 2007) (Alsup, J.) (citing *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63–65, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004)). "Once a petitioner has proven a right to relief under the circumstances, it is the

reviewing court's duty to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Id.* (quoting 5 U.S.C. § 706(1)). The APA provides: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—... compel agency action unlawfully withheld or *unreasonably delayed....* In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706 (emphasis added).

█ The APA further provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). "Section 706(1) empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing *how* it shall act.'" *Norton,* 542 U.S. at 64, 124 S.Ct. 2373 (citations omitted) (emphasis in original).

### C. Summary Judgment

█ Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### III. DISCUSSION

#### A. Dismissal of Defendants Mueller and Mukasey

█ Since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act. 6 U.S.C. §§ 271(b)(5), 557. Thus, Robert Mueller, the Director of the Federal Bureau of Investigation, and Michael Mukasey, the Attorney General, are not proper defendants in this case. *See, e.g., Konchitsky v. Chertoff,* 2007 WL 2070325, *6–7 (N.D.Cal. July 13, 2007) (granting motion to dismiss director of FBI); *Clayton v. Chertoff,* 2007 WL 2904049, *3 (N.D.Cal. Oct.1, 2007) (same); *Astafieva v. Gonzales,* 2007 WL 1031333, 2007 U.S.Dist. LEXIS 28993 (N.D.Cal. Apr. 3, 2007) (dismissing FBI Director and Attorney General as defendants). In addition, Plaintiff did not oppose this portion of the motion in her opposition. Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to Defendants Mueller and Mukasey.

#### B. Relief Under the APA

This Court has previously agreed with the view that "courts have jurisdiction at a minimum under the APA because Defendants have a non-discretionary duty to process the AOS [adjustment of status] applications within a reasonable time, as distinct from its discretionary authority of whether to grant or deny the applications." *Fu v. Gonzales,* 2007 WL 1742376, *2 (N.D.Cal. May 22, 2007); *see also Alibeik*

*v. Chertoff,* 2007 WL 4105527, 2007 U.S. Dist. LEXIS 86289 (N.D.Cal.2007).

Defendants have a ministerial duty to act on Plaintiff's I–485 application pursuant to 8 U.S.C. § 1255, within a reasonable time under 5 U.S.C. § 555(b). Pursuant to 8 U.S.C. § 1571(b), "it is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. . . ." However, "what constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Gelfer v. Chertoff,* 2007 WL 902382 at *2 (N.D.Cal., March 22, 2007) (quoting *Yu v. Brown,* 36 F.Supp.2d 922, 934 (D.N.M.1999)).

■ The leading case on the issue of unreasonable delay is *Telecomm. Research & Action Center v. FCC,* 750 F.2d 70 (D.C.Cir.1984) (*"TRAC"*), which set forth a six-factor test to assess the reasonableness of agency delay: "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC,* 750 F.2d at 80 (internal citations and quotations omitted); see also *Yu,* 36 F.Supp.2d at 931(applying TRAC factors in immigration case); *Alibeik v.*

*Chertoff,* 2007 WL 4105527, 2007 U.S. Dist. LEXIS 86289 (same).

■ Here, there is no evidence that Plaintiff is responsible for any part of the delay in the adjudication of her application. To the contrary, Plaintiff and her counsel actively sought updates regarding her application from USCIS. In addition, Plaintiff sought assistance from her congresswoman Lynn Woolsey. In fact, while Defendants argue that USCIS has been working on Plaintiff's application, they admit that the delay is solely due to the FBI name check process. Mot. at 2:1–2. In their opposition brief, Defendants claim that the name check was completed on January 24, 2008, and that Plaintiff's application is being actively adjudicated. *See* Opp. at 2:1. However, this is an insufficient reason to deny Plaintiff's request for relief, as Defendants have not indicated that the application's adjudication is now complete or given a deadline for its completion.

Defendants submitted a declaration by Michael Cannon, the Section Chief of the National Name Check Program Section at FBI Headquarters, providing extensive detail about how the name check program system works and that the system is overloaded with requests for name checks. *See, e.g.,* Cannon Decl. ¶¶ 13–15 (explaining stages of name check clearance); ¶ 21 (describing increase in annual FBI name checks). *See also* Decl. of Mark Rohrs ¶ 13 (Plaintiff's name check request was electronically submitted to the FBI on January 7, 2004, the FBI acknowledged receipt of the name check on January 14, 2004, and a response was required from the FBI before the case could be adjudicated). Shifting the onus to the FBI does not, however, show timeliness. *See Gelfer,* 2007 WL 902382 at *2 (the USCIS had not pointed "to a single action taken during that period of time [of two years] to fur-

ther the processing of petitioner's application or a reason why petitioner's application is particularly troublesome"); *see also Singh v. Still,* 470 F.Supp.2d 1064, 1068 (N.D.Cal.2007) ("The critical issue is not whether a particular branch of the federal government is responsible for the delay; it is whether the individual petitioner versus the government qua government is responsible."). Nor does it raise a triable issue of fact as to USCIS's duty to process Plaintiff's application within a reasonable time. In fact, it shows that in this case, Defendants are entirely responsible for the delay in processing Plaintiff's application.

Moreover, the *TRAC* factors weigh against finding that the delay in this case was reasonable. While there is no specific timetable for the processing of immigration status applications, the duty to adjudicate those applications is mandatory. Although the delay in this case—over *four* years—is substantial, measurement of the delay in years alone does not establish that the delay fails to comport with a rule of reason. Here, however, the remaining factors, in addition to the already lengthy processing period, demonstrate that the delay is unreasonable. Human welfare is at stake; the nature of the interests prejudiced by the delay are personal to Plaintiff. Although national security certainly justifies a thorough name check process, there is no contention that Plaintiff's application is particularly complex or any evidence as to why the name check caused the application processing to take far longer than the 180 days suggested by Congress. In addition, while there is no evidence of impropriety by Defendants, good faith conduct is not dispositive of the reasonableness issue. *See Liberty Fund, Inc. v. Chao,* 394 F.Supp.2d 105, 120 (D.D.C.2005).

Finally, delays similar in length than that at issue here have been found to be unreasonable. *See, e.g., Konchitsky,* 2007 WL 2070325 at *5–6 (absent a particular-

ized explanation justifying delay, a more than two year delay was unreasonable); *Gelfer,* 2007 WL 902382 at *2 (more than two year delay may be unreasonable where Defendants could not point to any reason why the particular application was troublesome); *Yu,* 36 F.Supp.2d at 932 (two and one-half year delay unreasonable); *Alibeik,* 2007 WL 4105527, 2007 U.S. Dist. LEXIS 86289 (two and one-half years unreasonable). In this case, Defendants have provided no evidence to raise a triable issue of fact or to explain why Plaintiff's application is still pending after four years.

In accordance with the foregoing, Plaintiff's Motion for Summary Judgment is GRANTED as to the USCIS Defendants and DENIED as to Defendants Mueller and Mukasey. Defendants' Motion for Summary Judgment is DENIED as to the USCIS Defendants and GRANTED as to Defendants Mueller and Mukasey.

However, the Court requests further briefing as to the relief that is proper here in light of what appears to be a revision to USCIS's policy, which states that the adjudicator shall approve I–485 applications that are otherwise approvable where the FBI name check request has been pending for more than 180 days. In addition, the parties shall update the Court in its brief as to whether Plaintiff's application has now been adjudicated since her name check is complete, and if not, when that adjudication is expected to occur. The parties shall file such briefs with the Court no later than March 17, 2008.

**IT IS SO ORDERED.**