**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEYED GHOLAMREZA MAZAREI, | No.   15-70677 |
| Petitioner, | Agency No. A076-617-620 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2018**
Pasadena, California

Before:  TALLMAN and NGUYEN, Circuit Judges, and BENNETT,*** District Judge.

Seyed Gholamreza Mazarei, a native and citizen of Iran, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of an appeal from an

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Immigration Judge's ("IJ") decision denying his applications for adjustment of status and cancellation of removal. The BIA upheld the IJ's denial of adjustment because the petitioner's divorce revoked the Form I-130 petition previously filed on his behalf. It also upheld the denial of cancellation of removal due to Petitioner's conviction for forgery, California Penal Code § 476, which constitutes a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     The BIA did not err in denying adjustment on the ground that Petitioner had no immigrant visa immediately available to him due to his divorce from his spouse. *See* 8 U.S.C. § 1255(a). 8 C.F.R. § 1205.1(a)(3)(i)(D) provides an I-130 petition is automatically revoked "[u]pon the legal termination of the marriage when a citizen or lawful permanent resident of the United States has petitioned to accord his or her spouse immediate relative or family-sponsored preference immigrant classification." Here, during the pendency of his petition in 2010, "before the decision on his . . . adjustment application bec[ame] final," Petitioner divorced his spouse. 8 C.F.R. § 1205.1(a)(3). Upon such legal termination of his marriage, his petition was automatically revoked and he no longer had a visa immediately available to him.

Petitioner has not shown how the delay in adjudicating his application was "unreasonable" under the circumstances. Petitioner's own behavior, including his

misrepresentation of his marital history in Iran, delayed the adjudication of his application.  At most, extended delay might entitle him to mandamus relief which is moot now that the BIA has decided his petition.  *See e.g., Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997).

2.　　Further, Petitioner is ineligible for cancellation of removal.  Petitioner argues the BIA incorrectly applied the Illegal Immigration and Reform and Immigrant Act ("IIRIRA") of 1996 retroactively to his 1992 conviction to find he was ineligible for cancellation of removal.  But Petitioner failed to challenge before the BIA, and has waived any argument, that his conviction was not a crime of moral turpitude.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in the opening brief are deemed waived); *see also* Fed. R. App. P. 28(a)(8)(A).  Petitioner argues the IIRIRA of 1996 should not have applied retroactively to his conviction.  His retroactivity argument is waived because, while mentioned in passing, it is "not supported by argument."  *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).  *See also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

3.　　Petitioner has not demonstrated how he was "denied . . . his day in court" or how delays, many of which were caused by his own behavior, violated

his due process rights.  *See Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1163 (9th Cir. 2005).  Even if he could show a due process violation, Petitioner has not "establish[ed] prejudice by showing his rights were violated in a manner so as potentially to affect the outcome of the proceedings."  *Id.* (internal quotation marks and citation omitted).  The fact that the IJ rendered his written decision before the date set for the merits hearing would not have impacted the outcome.

**The petition for review is DENIED.**